1  SEYFARTH SHAW LLP
   Timothy M. Rusche (SBN 200236)
2  trusche@seyfarth.com
   333 S. Hope Street, Suite 3900
3  Los Angeles, California 90071
   Telephone: (213) 270-9600
4  Facsimile: (213) 270-9601

5  SEYFARTH SHAW LLP
   Elizabeth M. Levy (SBN 268926)
6  elevy@seyfarth.com
   Marjorie C. Soto (SBN 313290)
7  msoto@seyfarth.com
   2029 Century Park East, Suite 3500
8  Los Angeles, California 90067
   Telephone: (310) 277-7200
9  Facsimile: (310) 201-5219

10 Attorneys for Defendant
   AQUENT, INC.
11

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
01/29/2018 at 06:03:00 PM
Clerk of the Superior Court
By Richard Day, Deputy Clerk

## SUPERIOR COURT OF THE STATE CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO, CENTRAL

| | |
|---|---|
| ELIZABETH SEGAL, individually, and on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AQUENT, INC, a Massachusetts corporation; SCOUT EXCHANGE, LLC, a Delaware limited liability company; VITAMIN T, an unknown entity; JOHN CHUANG, an individual; DOUG KAPLAN, an individual; CHERYL KING, an individual; KEN LAZARUS, an individual; and DOES 1 through 50 inclusive,<br><br>Defendants. | Case No. 37-2017-00043402-CU-OE-CTL<br><br>Judge: Hon. Judith Hayes<br>Dept. C-68<br><br>**DEFENDANT AQUENT, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Complaint Filed: January 9, 2018 |

DEFENDANT AQUENT, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED CLASS ACTION COMPLAINT

44075774v.3

Defendant, Aquent, Inc. ("Defendant"), hereby responds to the unverified First Amended Class Action Complaint ("Complaint") filed by Plaintiff, Elizabeth Segal ("Plaintiff"), as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30, Defendant generally denies each and every allegation and cause of action contained in Plaintiff's Complaint. In further answer to the Complaint and without limiting the generality of the foregoing, Defendant denies that Plaintiff has been damaged in any amount, or at all, by reason of any act or omission of Defendant.

## SEPARATE DEFENSES

In further answer to the Complaint, and as separate and distinct affirmative or other defenses, Defendant alleges as follows, without thereby assuming the burden of proof on any defense on which it would not otherwise have the burden of proof by operation of law.

## FIRST DEFENSE

### (Failure To State a Cause of Action- All Causes of Action)

1. As to Plaintiff's Complaint, or any purported cause of action therein alleged, Plaintiff fails to state facts sufficient to constitute claims upon which relief can be granted.

## SECOND DEFENSE

### (Improper Defendant- All Causes of Action)

2. Plaintiff's Complaint, and each and every cause of action alleged therein, is barred to the extent Defendant did not employ Plaintiff and/or the putative class members.

## THIRD DEFENSE

### (Statute of Limitations- All Causes of Action)

3. Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitations.

## FOURTH DEFENSE

### (Estoppel- All Causes of Action)

4. Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the doctrine of estoppel.

///
///

## FIFTH DEFENSE

### (Waiver- All Causes of Action)

5. The Complaint, and each cause of action alleged therein, is barred by the doctrine of waiver.

## SIXTH DEFENSE

### (Laches- All Causes of Action)

6. Plaintiff delayed inexcusably and unreasonably in the filing of this action causing substantial prejudice to Defendant and, thus, Plaintiff's claims are barred by the equitable doctrine of laches.

## SEVENTH DEFENSE

### (*Res Judicata*/Collateral Estoppel- All Causes of Action)

7. Plaintiff's Complaint, and each cause of action therein, is barred by the doctrines of *res judicata* and/or collateral estoppel, to the extent that any putative class member, alleged "aggrieved employee" or other putative beneficiary of this action has asserted in any prior legal or administrative proceeding that they were entitled to payment for unpaid wages and related penalties. and/or reimbursement of business expenses.

## EIGHTH DEFENSE

### (Good Faith Compliance- All Causes of Action)

8. Plaintiff and the putative class members are not entitled to any penalty claimed for violation of any statute or wage order since, at all relevant times, Defendant did not willfully, knowingly or intentionally fail to comply with a statute or wage order, but rather acted in good faith and had reasonable grounds for believing that it did not violate the statute or wage order.

## NINTH DEFENSE

### (Excessive Penalties Unconstitutional- All Causes of Action)

9. The penalties Plaintiff claims are excessive and thus violate Defendant's rights under the state and federal Constitutions.

///
///

DEFENDANT AQUENT, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED CLASS ACTION COMPLAINT

44075774v.3

## TENTH DEFENSE

### (Failure to Mitigate Damages or Avoid Consequences- All Causes of Action)

10. Plaintiff and putative class have failed to mitigate or avoid their damages or other alleged consequences, if any, as required by law.

## ELEVENTH DEFENSE

### ((Failure to Exhaust Administrative Remedies- Causes of Action 1-7)

11. Plaintiff's claim for civil penalties pursuant to the Private Attorneys General Act of 2004, Labor Code section 2698 *et seq.*, is barred because Plaintiff failed to exhaust her administrative remedies before the Labor and Workforce Development Agency of the State of California and/or the Department of Industrial Relations.

## TWELFTH DEFENSE

### (Unclean Hands- All Causes of Action)

12. Defendant is informed and believes, and thereupon alleges, that Plaintiff and employees she seeks to represent engaged in conduct by which the Complaint is barred by the doctrine of unclean hands.

## THIRTEENTH DEFENSE

### (De Minimis- All Causes of Action)

13. Plaintiff's claims, on behalf of herself and the putative class, fail to the extent that, even if Plaintiff suffered damages (which Defendant disputes) as a result of Defendant's conduct, such damage is *de minimis* and therefore, not compensable as a matter of law.

## FOURTEENTH DEFENSE

### (Consent- All Causes of Action)

14. The alleged conduct of Defendant complained of in the Complaint was approved, consented to, or authorized by Plaintiff and employees she seeks to represent through their actions, omissions, or course of conduct; accordingly, the Complaint, and each purported cause of action therein, is barred.

///
///
///

## FIFTEENTH DEFENSE

### (Offset- All Causes of Action)

15. To the extent that a court holds that Plaintiff or the employees she seeks to represent are entitled to damages or penalties, Defendant is entitled to a set off for wages, or a proportionate reduction in any damages or penalties, to the extent Plaintiff or the putative class received wages in excess of the requirements of the law.

## SIXTEENTH DEFENSE

### (Standing- All Causes of Action)

16. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent Plaintiff and putative members of the purported class lack standing to bring their claims in either an individual, class or representative capacity and Plaintiff lacks standing to sue on behalf of those not similarly aggrieved.

## SEVENTEENTH DEFENSE

### (Standing Under Proposition 64- 8th Cause of Action)

17. Plaintiff's eighth cause of action alleged therein, fails to the extent that Plaintiff, or any person upon whose behalf Plaintiff purports to act, lacks the requisite standing to sue under Proposition 64, enacted on November 2, 2004, as California Business and Professions Code Section 17204. Under Proposition 64, any plaintiff suing for an alleged violation of the California Unfair Competition Law (the "UCL"), California Business and Professions Code Section 17200, et seq., must show that he or he has suffered an injury in fact, in addition to simply alleging a loss of money or property. Since Plaintiff, or any other person on whose behalf Plaintiff purports to act, cannot allege the requisite injury in fact, in addition to the requisite loss of money or property, Plaintiff lacks standing to sue under the UCL.

## **RESERVATION OF RIGHTS**

Defendant does not presently know all of the facts and circumstances respecting Plaintiff's claims. Defendant have not knowingly or intentionally waived any applicable defenses and reserve the right to assert and rely on such other applicable defenses as may later become available or apparent. Defendants further reserve the right to amend their answer or defenses accordingly and/or to delete

defenses that they determine are not applicable during the course of discovery.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays as follows:

1. That Plaintiff take nothing by her Complaint;

2. That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

3. That Defendant be awarded reasonable attorneys' fees according to proof to the extent permitted by law;

4. That Defendant be awarded their costs of suit incurred herein; and

5. That Defendant be awarded such other and further relief as the Court may deem appropriate.

DATED: January 29, 2018

SEYFARTH SHAW LLP

By_____
Timothy M. Rusche
Elizabeth M. Levy
Marjorie C. Soto
Attorneys for Defendant
AQUENT, INC.

## PROOF OF SERVICE

STATE OF CALIFORNIA       )
                          ) SS
COUNTY OF LOS ANGELES     )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On January 29, 2018, I served the within document(s):

**DEFENDANT AQUENT, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED CLASS ACTION COMPLAINT**

[X] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

[ ] By arranging with Nationwide Legal LLC to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below.

[ ] by placing the document(s) listed above, together with a signed copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

[ ] by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Thomas D. Rutledge
**Attorney at Law**
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

*Attorneys for Plaintiffs*
**ELIZABETH SEGAL,**
individually, and on behalf of
herself and others similarly situated

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 29, 2018, at Los Angeles, California.

*/s/ James Aguilera*
James Aguilera

MASTER PROOF OF SERVICE

44094936v.1